WILLIAM KAYTON et al., Appellants, *v.* AARON BARNETT et al., Respondents.

One B. purchased of plaintiffs certain property, paying part of the purchase-price and giving his notes for the balance. In an action to recover such balance of defendants, on the ground that B. in making the purchase acted as their agent, the testimony showed that defendants directed each step taken by B. in the negotiations; that the property was purchased for and delivered to them, and they furnished the portion of the purchase-price paid down, also that they agreed with B. to hold him harmless from the notes. *Held*, that a dismissal of the complaint was error; and this, although it appeared that in the course of the negotiations plaintiff stated they would not sell to defendants, and were assured by B. that he was not buying for them, but for himself.

When goods are sold on credit to a person, whom the vendor believes to be the purchaser, but who, in fact, bought as agent for another, the vendor may, on discovery of this fact, maintain an action against the principal for the purchase-price.

*Kayton* v. *Barnett* (22 J. & S. 78) reversed.

(Argued October 31, 1889; decided December 3, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 2, 1886, which denied a motion for a new trial and directed judgment in favor of defendants, entered upon an order nonsuiting plaintiffs on trial.

This action was brought to recover a balance of the purchase-price alleged to be due for certain property sold by plaintiffs to defendants.

On the 17th day of March, 1881, the plaintiffs sold and delivered to William B. Bishop several machines, and assigned

to him certain letters-patent for the agreed price of $4,500. Bishop paid $3,000 on delivery and gave three notes, dated March 24, 1881, for $500 each, one due nine months, one fifteen months and one eighteen months after date, without interest. June 29, 1883, Bishop died insolvent without having paid the notes, or any part of them. The plaintiffs tendered the notes to the defendants, and on August 22, 1883, brought this action to recover the part of the purchase-price represented by the notes, on the theory that Bishop, as agent for the defendants, bought the property for them, without disclosing his principals until after the execution and delivery of the notes. The defendants, in their answer, denied that they purchased the property, and alleged that it was bought by William B. Bishop, for the price and on the terms stated in the complaint.

Further facts appear in the opinion.

*W. J. Curtis* for appellants. A principal, whether disclosed or undisclosed, is liable for all the acts of his agent performed within the scope of his authority. (Story on Agency, 291; *Meeker* v. *Claghorn*, 44 N. Y. 351; *Thomson* v. *Davenport*, 9 B. & C. 78; Wharton on Agency, §§ 464, 469; *Pentz* v. *Stanton*, 10 Wend. 271; *Coleman* v. *Bank of Elmira*, 53 N. Y. 388; Paley on Agency, chap. 3, p. 1.) There has been no election by the plaintiffs to give credit to Bishop exclusively, such as would, under the decisions, exonerate Bishop's principals. Such election, to exonerate the principal, must be clear and unequivocal, and must be made intelligently, with a knowledge of all the facts. (*Thomson* v. *Davenport*, 9 B. & C. 78; *Patterson* v. *Gandasequi*, 15 East, 62; *Addison* v. *Gandasequi*, 4 Taunt. 574; *Rowan* v. *Buttman*, 1 Daly, 412; *Coleman* v. *Bank of Elmira*, 53 N. Y. 388; *Railton* v. *Hodgson*, 4 Taunt. 575; Wharton on Agency, §§ 469, 470, 471, 472; *Cobb* v. *Knapp*, 10 J. & S. 91; 71 N. Y. 348.) In any event, it should have been left for the jury to decide whether, under all the circumstances of the case, the plaintiffs had elected to give credit exclusively to Bishop. (*Pentz* v. *Stanton*, 10 Wend. 271; *Thomson* v. *Davenport*, 9 B. & C. 78.)

Irrespective of their liability as undisclosed principals, the defendants would be liable to the plaintiffs. (*Lawrence* v. *Fox*, 20 N. Y. 268.)

*A. R. Dyett* for respondents. The plaintiffs having expressly stated, in substance, that if the defendants were the purchasers, the plaintiffs would not sell to them at any price, the minds of the plaintiffs and defendants could not meet on a sale by the former to the latter. (*Meeker* v. *Claghorn*, 44 N. Y. 351, 352; *Pentz* v. *Stanton*, 10 Wend. 277; *Rathbone* v. *Tucker*, 15 id. 498, 500.) If the plaintiff had committed some breach of the contract, the defendants could not, as parties to a contract, sue the plaintiffs upon a contract which the plaintiffs had refused to make with them. (*Robson* v. *Drummond*, 2 B. & Ad. 303; *Winchester* v. *Howard*, 97 Mass. 303.) Plaintiffs cannot recover on Bishop's notes in this action, the name of the defendants not appearing anywhere on them, nor even the word "agent" being added to Bishop's name. (*Pentz* v. *Stanton*, 10 Wend. 274–276; *Rathbone* v. *Tucker*, 15 id. 498; *Davis* v. *Allen*, 3 N. Y. 168; *Higgins* v. *N. Y. & H. R. R. Co.*, 1 Abb. Pr. 259; *De Witt* v. *Walton*, 9 N. Y. 573; 11 Mass. 87; Story on Agency, 182, 184, §§ 147, 274; 3 Wend. 94; 8 Cow. 31; 16 Pick. 347, 4 N. Y. 208.)

FOLLETT, Ch. J. When goods are sold on credit to a person whom the vendor believes to be the purchaser, and he afterwards discovers that the person credited bought as agent for another, the vendor has a cause of action against the principal for the purchase-price. The defendants concede the existence of this general rule, but assert that it is not applicable to this case, because, while Bishop and the plaintiffs were negotiating, they stated they would not sell the property to the defendants, and Bishop assured them he was buying for himself and not for them. It appears by evidence, which is wholly uncontradicted, that the defendants directed every step taken by Bishop in his negotiations with plaintiffs; that the property was purchased for and delivered to the defendants, who have ever since retained it; that they paid the $3,000 towards the pur-

chase-price, and agreed with Bishop, after the notes had been delivered, to hold him harmless from them. Notwithstanding the assertion of the plaintiffs that they would not sell to the defendants, they, through the circumvention of Bishop and the defendants, did sell the property to the defendants, who have had the benefit of it, and have never paid the remainder of the purchase-price pursuant to their agreement. Bishop was the defendants' agent. Bishop's mind was, in this transaction, the defendants' mind, and so the minds of the parties met, and the defendants having, through their own and their agent's deception, acquired the plaintiffs' property by purchase, cannot successfully assert that they are not liable for the remainder of the purchase-price because they, through their agent, succeeded in inducing the defendants to do that which they did not intend to do, and, perhaps, would not have done had the defendants not dealt disingenuously.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.