(20 Misc. Rep. 346.)

LAUCK v. ROHDE.

(Supreme Court, Appellate Term. May 27, 1897.)

HUSBAND AND WIFE—AGENCY OF WIFE—EVIDENCE.

In an action for the price of goods sold for use at an hotel, of which defendant was apparently in charge, plaintiff's evidence showed that defendant had made payments by checks drawn in her own name; that persons dealing with the hotel were referred to defendant by her husband; that defendant had executed in her own name a chattel mortgage of the hotel fixtures; and that she had negotiated with the seller for an extension of time for payment for the goods. Defendant testified that she acted only as agent for her husband; that the bank account was in her name for convenience only; and that she executed the chattel mortgage in the absence of her husband as his agent. The goods were charged on the seller's books to the husband, in whose name the hotel business was conducted shortly before the sales in question. Held, that the evidence sustained a finding that the sales were made to defendant personally, and not as agent for her husband.

Appeal from Eleventh district court.

Action by George B. Lauck against Mary E. Rohde for goods sold and delivered. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wilmer J. McAllister, for appellant.

Charles M. Cannon and Wilfred N. O'Neil, for respondent.

BISCHOFF, J. Admitting the sale and delivery of the goods in suit, the defendant claimed that the transaction was not had with her, but with her husband, and upon this appeal we are asked to disapprove the plaintiff's recovery of a judgment against her, because unsupported by the weight of the evidence. The issue in the case was whether the wife was the husband's agent, or he her agent, under the circumstances disclosed; and we think that there was ample evidence in support of the justice's finding that the wife, this defendant, was the principal in the matter of the request for and delivery of these goods. Plaintiff's assignors, the sellers, conducted a grocery business, and their representative called regularly at the hotel conducted by the defendant (or her husband, as she claims), and received orders for groceries, which were accordingly delivered.

Prior to the 15th of December, 1896, goods so delivered had been paid for by the defendant's husband, but after that date the checks received in payment were those of the defendant, who apparently had charge of the hotel, and to whom the grocer's representative was referred for instructions and orders by the servants upon the premises. The testimony also shows that the grocer's clerk was referred to the defendant by her husband, upon an occasion when he sought to have an order of the bartender approved by the husband, who stated that defendant "had all to do with the orders." It was made to appear, further, that Mrs. Rohde, the defendant, executed a chattel mortgage of the fixtures of this hotel, as mortgagor, shortly before the period in question, and also that negotiations were had with the plaintiff's assignors by her, apparently in her individual capacity, touching an extension of time for payment for the goods in suit, her promise being that payment would be made. Against this the defendant testified that she acted solely as agent for her husband; that the bank account was in her name for convenience only, her husband's night duties about the hotel being such that his early rising in time for the payment of certain bills was inexpedient; that the chattel mortgage was executed by her in the absence of her husband, as agent (but this was not expressed in the instrument); and that her negotiations with the grocers were had in her husband's behalf. To us it appears that there was ample evidence in support of the fact that the defendant was the party to whom the credit in this transaction was given by the plaintiff's assignors, and that the reliance upon her apparent capacity as principal, rather than as agent, was justified by the facts. It is true that the account in question was carried in the name of the husband upon the books of this firm of grocers, but this was not controlling upon the rights of the parties, if the actual debtor—the party whose credit was relied upon—was in fact some one other than the person named upon the books (Adolff v. Schmitt, 13 Misc. Rep. 623, 34 N. Y. Supp. 930; Foster v. Persch, 68 N. Y. 400); and the justice was authorized in finding upon this conflict of evidence that credit was actually given to the defendant, or that she was the true principal in the matter, undisclosed at the time, but properly sued when discovered.

Judgment affirmed, with costs. All concur.