### METROPOLITAN TOBACCO CO. v. O'CONNOR.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

HUSBAND AND WIFE (§ 25*) — AGENCY FOR WIFE — UNDISCLOSED PRINCIPAL — LIABILITY.

    Where goods were sold to defendant's husband in the belief that he was the real owner of the business in which they were used, the seller, on discovering that in purchasing them he was acting as the agent of defendant, could maintain an action against defendant for the price.

    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 148–151, 153, 154, 525; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Metropolitan Tobacco Company against Nellie O'Connor, etc. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arthur A. Henning, of New York City (Harry J. Leffert, of New York City, of counsel), for appellant.

John Solon, for respondent.

LEHMAN, J. It appears from the evidence presented by the plaintiff that it sold cigars to the defendant's husband, Maurice O'Connor, and delivered them at a saloon owned by the defendant. The license for the saloon was in the defendant's name. The cigars were received by the bartender, and the receipt signed by him, in the name of M. O'Connor. The plaintiff first sued the defendant's husband for the price of the cigars, and, when it discovered that the defendant was the real owner of the business, it brought this action.

While the evidence is not very clear, I think that it is fairly inferable therefrom that the goods were sold to the defendant's husband in the belief that he was the owner of the business for which they were intended, that the real owner of the business was the defendant, and that the goods were purchased by her husband acting as her agent only. These facts would have been shown more clearly if the trial justice had admitted in evidence a deposition made by the defendant in supplementary proceedings against her husband in another action, which deposition was competent evidence, as an admission made by the defendant.

If these facts are true and unexplained, then the plaintiff is entitled to a judgment under the rule that:

"When goods are sold on credit to a person, whom the vendor believes to be the purchaser, but who, in fact, bought as agent for another, the vendor may, on discovery of this fact,. maintain an action against the principal for the purchase price." Kayton v. Barnett, 116 N. Y. 625, 23 N. E. 24.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.