ELIZABETH A. JOHNSON v. SIDNEY MADDOCK.

161 So. 842.

Division B.

Opinion Filed May 11, 1935.

Rehearing Denied June 22, 1935.

*Dame & Rogers,* for Plaintiff in Error;
*John J. Moore,* for Defendant in Error.

BUFORD, J.—Plaintiff in error was plaintiff in the court below and sued the defendant in error on an indebtedness, being the balance of purchase price which the defendant, as is alleged in the declaration, as undisclosed principal agreed through his agent to pay for certain property to which the plaintiff held the legal title.

Demurrer was filed to the declaration and was overruled.

Defendant filed several pleas, amongst which were: never indebted, accord and satisfaction, novation and payment.

At the end of taking of testimony the court instructed a verdict in favor of the defendant.

The record does not disclose the ground or theory upon which motion for a directed verdict in favor of defendant was granted. There had been a former trial of the case in which the plaintiff prevailed and a new trial had been granted. Writ of error was taken to the order granting the new trial and·was affirmed by this Court. See 111 Fla. 233, 149 Sou. 334. The disposition in this Court at that time was by a Per·Curiam Order of Affirmance and the only effect of that order was to hold that it had not been made to appear that the trial judge abused judicial discretion in granting the motion for a new trial.

The motion for directed verdict contained no grounds. The order on the motion was as follows:

"The Court tried this case at a former Term of Court on a record which is substantially the same as the present record, and set aside the verdict in favor of the Plaintiff. There was in that former trial no motion for a directed verdict. The case was appealed to the Supreme Court and was by the Supreme Court affirmed. The record being substantially the same as it was before, and the Court having granted a motion for a new trial because it felt that the Plaintiff in the case should not prevail, and having no reason at this time to take a contrary position,

"It is ordered that said motion for a directed verdict in favor of the Defendant, be, and it is hereby, granted, to which the Plaintiff excepts."

The contention of the Plaintiff in the court below was that Maddock agreed to pay the plaintiff the sum of $15,951.45 for a certain mortgage and notes, which mortgage the plaintiff was to foreclose so that defendant could acquire title to the property at foreclosure sale. That defendant in the transaction acted through agents, which agents did not disclose the defendant as the real purchaser of the notes and mortgages; that defendant paid to the plaintiff $10,951.45; that defendant's agent, not disclosing the principal, persuaded the plaintiff to accept in lieu of the $5,000.00 balance a note of a certain other corporation secured by $5,000.00 of the bonds of that corporation as collateral; that the defendant deposited in a bank the full sum of $15,951.45 to pay for the property and instructed the bank to either pay that amount to the plaintiff, or, in event that the defendant's alleged agent persuaded plaintiff to accept $5,000.00 of bonds of St. Lucie Estates, Inc., in lieu of $5,000.00 cash, that the bank should pay to defendant's

agent, Shuman, 75% of the $5,000.00 and return the balance to the defendant. That later the defendant agreed to pay Shuman $4,000.00 for the $5,000.00 in bonds which Shuman put up as collateral with the St. Lucie Estates, Inc., notes and got back $1,000.00; that Shuman acted all the way through the transaction on behalf of the defendant and did not disclose defendant as his principal and did not disclose to Johnson the fact that sufficient money had been deposited by Maddock in the bank to pay the full purchase price of the mortgage and notes or that Shuman was selling the bonds to Maddock at a discount, thereby refunding to Maddock $1,000.00 of the purchase price and procuring the sum of $4,000.00 for himself and his corporation in payment for the bonds.

The contention of the defendant was that he did not deal with Shuman as his agent, or with St. Lucie Estates, Inc., as his agent, but that he did deal with W. I. Shuman and Carroll Dunscombe as the assignees of the Johnsons of the mortgage and notes; that he was without knowledge as to the making and execution of the notes and was not bound to Johnson for the purchase price of the mortgage and notes.

That plaintiff may ignore a note given by an agent upon the original debt of an undisclosed principal is too well settled to admit of a contrary contention. It is true that an undisclosed principal can not be sued upon a note which he does not sign or which is not signed in his name by a duly authorized agent or is not signed in a trade name which he has adopted either as an individual or in copartnership, or as a joint adventurer with others; but the plaintiff may ignore the note and sue upon the original debt incurred by the undisclosed principal. See S. C. J., Sec. 280, page 168; Harper v. Tiffin National Bank, 74 Ohio St., 425, 44 N. E.

97; Lowell v. Williams, 125 Mass. 439; Donner v. White-cotton, 201 Mo. App. 443, 212 S. W. 378; Coaling Coal & Coke v. Howard, 130 Ga. 607, 61 S. E. 987, 21 L. R. A. (N. S.) 1055; Kayton v. Barnett, 116 N. Y. 625; 23 N. E. 24; Humphrey, *et al.,* v. Bussey, *et al.,* 99 Fla. 1249, 128 Sou. 841.

The record thoroughly establishes the fact that if Maddock was the principal and Shuman and Dunscombe were acting as his agents he was the undisclosed principal. Therefore, it was encumbent upon the plaintiff to prove the relation of principal and agent between Maddock as principal and Shuman and Dunscombe as agents acting in his behalf. Such condition may be proven by circumstantial evidence as well as by direct evidence. It is not needful for us to discuss here the evidence as given by the witnesses because to do so might lead to an undue influence in another trial of this case. It is sufficient to say that there was sufficient evidence both on behalf of the plaintiff and on behalf of the defendant to require the issues presented by the pleadings to be submitted to the jury and the trial judge therefore invaded the province of the jury when he assumed to direct a verdict in favor of the defendant.

Therefore, the judgment must be reversed and the cause remanded for new trial.

It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.