ALBERT A. BLIVEN, Respondent, *v.* SMITH LYDECKER et al., Appellants.

When an agent, authorized to lend moneys of his principal but not to take usury, lends such moneys at a usurious rate, and both the sum lent and the usury exacted are secured by the same obligation, which the principal, knowing that it is for a larger amount than the sum loaned, without explanation accepts and has the benefit of, it is an adoption and ratification by him of the act of the agent, and neither the principal nor his assignees can enforce the obligation.

In an action to foreclose a mortgage, the defense to which was usury, it appeared that the agent of the mortgagee made the agreement for the loan apparently in his own name; he exacted as a condition of the loan the payment of a sum of money in excess of lawful interest. This sum was deducted from the amount agreed to be loaned, the mortgagor receiving the balance. There was no evidence that the agent retained this sum from moneys furnished by his principal, or that the latter advanced more than was received by the mortgagor; the mortgagee accepted the mortgage and received interest on the full amount until she assigned the same to plaintiff. *Held,* that the inference was permissible from the evidence, that the mortgagee in accepting the security knew it was for a larger sum than she had advanced; and so, in the absence of explanation, a finding was proper that she had notice that usury had been taken and that, in receiving the benefit thereof, she ratified the action of such agent; and, this having been found, that the mortgage was usurious and void.

*Condit* v. *Baldwin* (21 N. Y. 219), distinguished.

*Bliven* v. *Lydecker* (55 Hun, 171), reversed.

(Argued October 19, 1891; decided October 30, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 9,

1889, which reversed a judgment in favor of defendants, entered upon the decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage dated February 1, 1879, made by Smith Lydecker and Jeannette, his wife, to Margaretha Schuler, to secure the payment of $4,000, on February 1, 1882, with annual interest at the rate of seven per cent. The mortgage was collateral to a bond in the usual form, and on the 10th of November, 1888, both bond and mortgage were assigned to the plaintiff by said mortgagee.

The defense of usury was interposed by the defendant Smith Lydecker, and by the infant children of his deceased wife Jeannette, who owned the premises covered by the mortgage at the time of her death in February, 1882.

The trial court found that in December, 1878, said Smith Lydecker requested John W. Schuler, the husband of the mortgagee, to lend him $4,000, which Mr. Schuler agreed to do, provided Lydecker would pay him $400 in excess of lawful interest and accept the loan in installments, to all of which Lydecker assented. Pursuant to this arrangement, Schuler advanced to Lydecker $1,000, on December 12, 1878; $200, January 18, 1879, and $1,800, February 15, 1879, and took the promissory notes of said Lydecker and wife for the two largest sums and the individual note of Mr. Lydecker for the smallest sum. Each note bore the date of the advance it was given for and was made payable to the order of Schuler, with interest. The sums so advanced, with interest thereon to the date of the mortgage, amounted to $3,036.62, which, with $563.38 paid by Mr. Schuler in cash at the time the bond and mortgage were given, formed the sole consideration therefor, except the bonus of $400 previously agreed upon.

The trial court found specifically that " the agreement to pay said ten per cent in excess of lawful interest, or $400 bonus, was a part of the contract for the loan, and said $400 was deducted from and reserved by the mortgagee out of the sum agreed to be loaned." And also that " the contract for the loan and the bond and mortgage given to secure it, were usurious and the mortgagee participated in the extortion. She

advanced $3,600 and received a security for $4,000 as the result of an entire contract made by her husband, and there was no separate agreement to pay him as agent. The agreement for the ten per cent bonus was known to her and she acquiesced in and authorized it." Upon the request of the plaintiff, it was also found " that the said money was loaned to the defendant through John W. Schuler, the agent of the mortgagee," but the trial court refused to find the further request that " said mortgagee had no knowledge that any usury was taken by her agent and never assented thereto."

As conclusion of law, the court found that the bond and mortgage were usurious and void, and directed that the complaint be dismissed on the merits, with costs.

*Irving Brown* for appellants. The mortgage was usurious and plaintiff cannot recover. (*Wyeth* v. *Braniff*, 84 N. Y. 627; *Algur* v. *Gardner*, 54 id. 390; *Pratt* v. *Elkins*, 80 id. 198; *Bald* v. *A. M. E. Church*, 8 Cent. 927.) The court cannot review the facts. (Code, §§ 1337, 1338; *Wend* v. *Craig*, 87 N. Y. 350; *Reitz* v. *Reitz*, 80 id. 338; *Kane* v. *Cortesy*, 100 id. 132; *Prosser* v. *Bank*, 106 id. 677; *Inglehart* v. *Thousand Island Co.*, 109 id. 454; *Whitman* v. *Finch*, 123 id. 636.) The opinion of the General Term cannot be referred to for the ground of reversal. (*Van Tassel* v. *Wend*, 76 N. Y. 614; *Swebey* v. *Connor*, 78 id. 218.)

*Garrett Z. Snider* for respondent. To render the mortgage void it was necessary for defendant to show not only that a bonus was exacted by the agent of the lender but that it was exacted with the assent of the principal and that she became a party to the usurious exaction. (*Condit* v. *Baldwin*, 21 N. Y. 219; *Bell* v. *Day*, 32 id. 165; *Alger* v. *Gardner*, 54 id. 360; *Esternz* v. *Purdy*, 66 id. 446; *Van Wyck* v. *Walters*, 81 id. 352; *Fellows* v. *Songyar*, 91 id. 329; *Phillips* v. *Mackellar*, 92 id. 34; *Stillman* v. *Northup*, 109 id. 473; *Baldwin* v. *Daying*, 114 id. 552.) If an agent takes usury without the knowledge or participation of the lender, the security is not void. (*Arnot* v. *Whitcomb*, 22 Wkly. Dig.

195.) That Schuler did not disclose his agency is immaterial. (*Cull* v. *Palmer*, 116 U. S. 98.) The defense of usury cannot be made out from inferences. (*Phillips* v. *Mackellar*, 92 N. Y. 34; *Van Wyck* v. *Walters*, 81 id. 352.) The finding of a material fact where there is an absence of evidence to sustain it is error of law, reversable in this court. (*Matthews* v. *Coe*, 70 N. Y. 239; *Caswell* v. *Davis*, 58 id. 223; *Pollock* v. *Pollock*, 71 id. 137; *Bedlow* v. *Dry Dock Co.*, 112 id. 263; *Sickels* v. *Flanagan*, 79 id. 224.)

VANN, J.  The judgment rendered by the Special Term was not reversed upon a question of fact (Code C. P. § 1338), but the order of reversal was based upon the assumption that there was no evidence to support the finding that the mortgagee either authorized or acquiesced in the exaction of the bonus of four hundred dollars.

She does not appear to have been present when the usurious agreement was made by her husband and agent, nor during any of the negotiations that resulted in the execution of the mortgage. The business was all done by Mr. Schuler, who made the agreement for the loan, apparently in his own name, and advanced the several installments and took notes therefor payable to his own order, as if the money belonged to him. After three thousand dollars had been advanced, Mr. Schuler and Mr. Lydecker met to arrange for the mortgage and made a statement of the sums constituting the principal thereof, which was read in evidence, and is as follows, viz.:

"Memoranda of acc't for mortgage of Mrs. S.

| | | |
|---|---|---|
| $1,800, int. 1 mo. 10 days, $14.00 | $1,814 | 00 |
| 1,000, " 3 " 13 " 20.03 | 1,020 | 03 |
| 200, " 2 " 7 " 2.59 | 202 | 59 |
| Discount for cashing mortgage | 400 | 00 |
| | $3,436 | 72 |
| $4,000 mortgage | 4,000 | 00 |
| $3,436 cash paid in. | $563 | 38 |

$564 cash rec'd from Mr. Schuler."

At the bottom of the memorandum were the computations by which the three sums of interest above mentioned were arrived at. Up to this time Mr. Lydecker did not know that Mrs. Schuler had any connection with the matter, but supposed that he was dealing exclusively with Mr. Schuler, who, moreover, then told him that " he put this mortgage in his wife's name so that he would not have to pay any taxes on it." After the mortgage was given Mr. Schuler collected the interest until his death in September, 1887. When Mrs. Schuler assigned the mortgage to the plaintiff in November, 1888, she covenanted that there was due thereon " four thousand dollars and interest," and is hence presumed to have had the benefit of the four hundred dollars of usury. There was no evidence tending to show that any other person had the benefit of it, or that Mr. Schuler retained that sum as his compensation from money furnished by his wife. Except as stated it did not appear to whom the money lent belonged. Thus we have a case where the exaction of usury was part of the contract by which the loan was made. Pursuant to that contract but $3,600 was advanced, while a bond and mortgage for $4,000 was required and given. The mortgagee accepted the mortgage and through her agent collected the interest on the entire principal thereof for more than eight years. Although the business was done by her agent it was done for her benefit and it was a permissible inference from the evidence that she knew when she received the mortgage that it was for a larger sum than she had advanced, and hence, in the absence of explanation that she thus had notice that usury had been taken. After accepting the usurious security under such circumstances and receiving the benefits of it for year after year, she could not insist that it was valid because her agent had no authority to take usury for her. Acceptance of the mortgage with knowledge of its unlawful origin, or with such notice as would cause a prudent person to make inquiry, was a ratification of the usurious contract and equivalent to prior authority to make it. (*Hyatt* v. *Clark*, 118 N. Y. 563; *Hoyt* v. *Thompson*, 19 id. 207; *Ingalls* v. *Morgan*, 10 id. 178; Story on Agency,

§ 140; 1 Am. & Eng. Encyc. of Law, 429; Hovenden on Fraud 144, 145; Dunlop's Paley, 172.)

The cases cited by the learned counsel for the respondent, of which *Condit* v. *Baldwin* (21 N. Y. 219) is a type, are not analagous, because in that case the agent was held to have made two contracts with the borrower, one in behalf of his principal by making the loan, the other in behalf of himself by providing for his own compensation in procuring the loan. The principal had no benefit from the sum thus exacted and as the security taken was for the precise amount of the loan, there was nothing on the face thereof importing usury. The court said that as " the agent did not assume to act for another, but acted for himself and for his own benefit, a subsequent ratification did not bind the principal."

But where, as in this case, an agent authorized to lend, but not to take usury, lends the money of his principal at a usurious rate and both the sum lent and the usury exacted are secured by the same instrument, which the principal, knowing that it is for a larger amount than the sum loaned, without explanation, accepts and has the benefit of, she adopts, ratifies and is bound by the act of her agent the same as if it had been done by herself. (*Dempsey* v. *Chalmers*, 44 A. L. J. 333, and cases there cited.)

If the mortgage was void for usury in the hands of the mortgagee, it is void for the same reason in the hands of the plaintiff, her assignee.

It may be that if Mr. and Mrs. Schuler had been living, so as to testify at the trial, a different state of facts would have been disclosed, but we think that the evidence as it stands is sufficient to sustain the findings of the trial court, even under the stringent rule applicable to proof of usury, and that the findings required a dismissal of the complaint.

The order of the General Term should be reversed and the judgment of the Special Term affirmed with costs.

All concur, except HAIGHT, J., not voting.

Order reversed and judgment affirmed.