BROWN et al. v. REIMAN.

(Supreme Court, Appellate Division, Fourth Department. February 13, 1900.)

1. PRINCIPAL AND AGENT—AUTHORITY—PRESUMPTION.

　　Information that a father had told his daughters that, if they would select seal-skin coats, he would give his check for the cost, does not warrant the sellers in assuming that they were authorized to purchase the same on their father's credit.

**2. SAME—RATIFICATION.**

Defendant told his daughters that, if they would select seal-skin coats, he would give his check for their cost. They bought coats of plaintiffs in their own name, and, after indelibly affixing their names thereto, and wearing them on several occasions, they became dissatisfied, and offered to return them, and, when it became probable that they were likely to lose in actions for the price, they, by the procurement and advice of defendant, sold them, and with the money obtained began proceedings in bankruptcy to relieve themselves of the judgments obtained against them, which constituted their entire indebtedness. During the bankruptcy proceedings defendant swore that he told them they might have their coats made by plaintiffs, and one daughter testified that, after she and her sister ordered the coats, defendant gave her a blank check with which to pay for them. *Held* sufficient to show that defendant had both authorized and ratified the purchase.

**3. ELECTION OF REMEDIES.**

Sellers who gave credit to and sued agents authorized to buy goods from them cannot be said to have elected to rely solely on the personal responsibility of the agents, nor be concluded, by reason of their actions against the agents, from pursuing the principal, when his existence only became known to the seller after the commencement of bankruptcy proceedings by the agents to avoid judgments which the sellers had secured against them.

Appeal from municipal court of Buffalo.

Action by Mary Brown and another against David F. Reiman. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Simon Fleischmann, for appellant.
Harry D. Williams, for respondents.

ADAMS, P. J. The plaintiffs bring this action to recover the purchase price of two seal-skin garments which it is contended were purchased of the plaintiffs by the defendant's daughters and duly-authorized agents. Upon the trial the plaintiffs' right to recover was sharply contested upon the ground, among others, that the garments were not of the quality and character guarantied by the plaintiffs when the contract for their manufacture was entered into. That issue, however, was decided adversely to the defendant's contention upon conflicting evidence, and for that reason, probably, it has been abandoned upon this review. It is urged, nevertheless, that the plaintiffs' judgment should be reversed, and the principal reasons assigned for this contention are: (1) That the evidence fails to show that at the time the garments were ordered the relation of principal and agent existed between the defendant and his daughters; and (2) that the plaintiffs, having elected to treat the daughters as principals, cannot now be permitted to claim that they were not such in fact. It is not denied that the plaintiffs in the first instance negotiated with and gave credit to the daughters in their individual capacity, nor that they subsequently brought suit and obtained a judgment against each of them, and made diligent effort to collect the same. Neither is it claimed that the defendant's liability grows out of any parental obligation, for, although his daughters lived with and were supported by him, it is conceded that they were both of full age, to the knowledge of the plaintiffs, at the time when the

garments were purchased. But this action is sought to be maintained upon the theory that the purchase of the garments in question was expressly authorized by the father, which fact was not discovered by the plaintiffs until after they had exhausted their remedy against the daughters. It seems that Mrs. Brown, one of the plaintiffs, had some acquaintance with the defendant and his daughters,— at least, she knew that they were reputed to be people of some considerable means; and during the preliminary negotiations which led up to the ordering of the garments one of the daughters informed her that the father had told her and her sister that, if they would select two seal-skin coats which suited them, he would give his check for the cost thereof. The information thus imparted to the plaintiffs was not necessarily of such character as to warrant them in assuming that the daughters were authorized to purchase the coats upon the credit of their father; for it was, at the most, but the declaration of a third party, and as such was not binding upon the alleged principal. The plaintiffs consequently treated the daughters as their debtors, and, when the latter refused to pay for the coats, brought two separate actions, which, after a trial in the municipal court, resulted, as before stated, in favor of the plaintiffs. In the meantime each of the young women had affixed her name by means of paint or some other indelible substance, in four or five different places, to the inside of the coats, and had worn the garments on several occasions; but, becoming dissatisfied with the quality or workmanship thereof, they returned, or offered to return, the same to the plaintiffs. When, however, it became probable that the actions were likely to result adversely to them, the daughters obtained possession of the coats, and, by the procurement or advice of the defendant, sold them to certain relatives for $50 each, and with the money thus obtained they immediately commenced proceedings in bankruptcy court to relieve themselves from the payment of the judgments obtained against them by the plaintiffs, which constituted their entire indebtedness. During the progress of the bankruptcy proceedings the defendant was sworn as a witness, and testified that he told his daughters that they might have their coats made by the plaintiffs, provided the latter would give a written guaranty for the best of seal, the best of workmanship, and the best lining; but that he was subsequently informed that Mrs. Brown said no contract was necessary. One of the daughters also testified that, after she and her sister had ordered their coats, her father gave her a blank check with which to pay for them, saying that, as he might not be at home when the coats were satisfactory, he would leave it to her to use her own judgment in regard to them. This evidence, which was read upon the trial of the present action, when taken in connection with the defendant's subsequent acts and declarations, was sufficient, we think, to sustain the conclusion reached by the trial court that, not only had the defendant authorized his daughters to purchase the garments in question, but that he had ratified their action after learning that the purchase had been made and that his instructions had not been literally followed. Bliss v. Sherrill, 24 App. Div. 280, 49 N. Y. Supp. 561; Blivin v. Lydecker, 130 N. Y. 102, 28 N. E. 625. This being the case, the rela-

tion of principal and agent becomes established; and when it is further made to appear, as it is by the plaintiffs' testimony, that the existence of this relation was not fully disclosed until after the commencement of the bankruptcy proceedings, it cannot be said that the plaintiffs have elected to rely solely upon the responsibility of the agents, nor that they were concluded, by reason of the actions which were brought against them, from pursuing the principal when his existence became known; for it is a well-settled rule that a creditor cannot make an election, either of remedies or parties, without first realizing that the opportunity of exercising his preference is afforded him. Remmel v. Townsend, 83 Hun, 353, 31 N. Y. Supp. 985; Coleman v. Bank, 53 N. Y. 388; Kayton v. Barnett, 116 N. Y. 625, 23 N. E. 24. The views above expressed lead to the conclusion that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.