(65 App. Div. 5.)

RANGER v. THALMANN et al.

(Supreme Court, Appellate Division, First Department. October 25, 1901.)

1. DEMURRER.
   On demurrer for insufficiency of facts to charge the defendant, the whole complaint must be considered, as well the allegations tending to discharge as those tending to charge him.

2. PRINCIPAL AND AGENT—ELECTION TO HOLD AGENT—RELEASE OF PRINCIPAL.
   Where a third person purchased property at a foreclosure sale in his own name, and defaulted in payments, and the special commissioner to make the sale sued him individually to recover the purchase money, making no request and giving no notice to defendants as principals, and it was not alleged that the relation of principal and agent, if it existed, was unknown at such time, the bondholders secured by the mortgage were concluded from afterwards recovering the purchase money from defendants as principals in the transaction.

   Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by Solomon Ranger, on his own behalf and on behalf on all other bondholders of the Tennessee Railroad Company, against Ernst Thalmann and another, composing the firm of Ladenburg, Thalmann & Co. From an order overruling a demurrer to the complaint, defendants appeal. Reversed.

The following is the opinion of the special term (LEVEN-TRITT, J.):

"A person cannot elect except with knowledge of the facts. In all the cases cited by the demurrant the plaintiff pursued his remedies against the agent after disclosure of the principal's identity. Prosecution of a claim to judgment is in itself no bar to a subsequent action against the principal, theretofore unknown. Inglehart v. Hotel Co., 7 Hun, 547; Brown v. Reiman, 48 App. Div. 295, 62 N. Y. Supp. 663. It is not necessary for the plaintiff to allege ignorance of the fact that the defendants were the principals. Taking the allegations of the complaint as true, the defendants were the principals; and wherever they seek exemption on the ground that credit was given exclusively to their agent, or that there was an election to hold him, they have the affirmative, and must allege it by way of defense. Meeker v. Claghorn, 44 N. Y. 349. Demurrer overruled, with leave to answer over on payment of costs."

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Edwin C. Hoyt, for appellants.
Arthur C. Palmer, for respondent.

INGRAHAM, J. The question comes before us on a demurrer to the complaint, the ground thereof being that facts sufficient to constitute a cause of action are not set forth. The complaint alleges that a corporation organized under the laws of the state of Tennessee issued certain bonds, secured by a mortgage, to one McDougall, as trustee, upon a railroad in that state. Some of the bonds secured by this mortgage became the property of Walker and Rheinstein, and, the corporation having defaulted in the payment of interest, they commenced an action in the court of chancery of Tennessee, having jurisdiction, for the foreclosure of the said mortgage; making the trustee and the mortgagees parties defendant. Such proceedings were had that an interlocutory decree was entered, by which it was determined that the complainants, "and the other holders of said bonds and coupons, are entitled to have said deeds of trust foreclosed, * * * and that said property should be sold by this court for the payment of said bonds and accrued interest thereon, and any other debts and liabilities of said company," and a special commission was appointed to sell the mortgaged property on a credit of 6 and 12 months; that 10 per cent. of the purchase money would be required in cash, the special commissioner to retain an express lien on all of said property to secure the payment of the balance of the purchase money. Under this decree the commissioner sold the mortgaged property, and one Godfrey became the purchaser for the sum of $20,000, he paying $2,000 in cash, and the balance by two promissory notes, each for $9,000, one payable in six months, and the other in one year, from date, with interest; both notes being payable to the special commissioner for the benefit of the bondholders. After such sale a final decree was entered confirming it. By that final decree it was ordered, adjudged, and decreed that "all the right, title, and interest and claim of the defend-

ants Tennessee Railroad Company, Thomas McDougall, trustee, and of all holders of the bonds issued under the deed of trust made by the said Tennessee Central Railroad Company to said McDougall, trustee, and of all parties setting up, claiming, or offering to claim any right, title, or interest in and to the said property mentioned in said report of sale, and hereafter more particularly described, both in law and equity, be vested out of each and all of them, and vested in said purchaser, C. O. Godfrey, subject to the lien aforesaid for the unpaid purchase money, and in bar of the equity of redemption." Subsequent to the sale and confirmation thereof, Godfrey made default in the payment of both of the notes given by him as a part of the said purchase price, to secure which a lien was retained on all the property sold, and thereafter a second decree was made in the same court directing a sale of the said property, which property was subsequently sold for the sum of $6,025 in cash. The purchaser under the last sale acquired title to all the property covered by the mortgage, and this last sale was confirmed by a decree of the court. Subsequently Gillespie, the master of the court of chancery, who as special commissioner had sold the property to Godfrey, commenced an action against Godfrey in the state of Tennessee upon the two promissory notes given by him, as a part of the purchase price of the property of the Tennessee Railroad Company, which action resulted in a judgment against Godfrey upon each of the said notes executed and delivered by him as a part of the purchase price of the property. Executions were issued upon such judgments in the state of Tennessee against Godfrey, which executions were returned wholly unsatisfied, and said judgments have not been paid. Prior to the time of the purchase by Godfrey of this property for $20,000, and his giving the two promissory notes, Godfrey was the authorized agent of the firm of Ladenburg, Thalmann & Co., a copartnership doing business under that name and style in the city of New York, and said firm prior to said sale directed said Godfrey to purchase all of the property of the said Tennessee Railroad Company on their behalf as their agent. Such purchase was made by Godfrey pursuant to such instructions, by said firm as principal. During all of the proceedings, and in said action under the bid made by said Godfrey, including the final decree confirming the sale, the said Godfrey was the agent of the said firm and acted on their behalf. The defendants are the successors of the said firm of Ladenburg, Thalmann & Co., and have assumed all of the outstanding accounts and engagements of the said firm. The plaintiff is the owner of 218 of the 250 bonds to secure which the mortgage on said property was given. The holders of the said bonds were entitled, under the final decree confirming the sale made by Godfrey, to a distributive share of the $20,000 bid by Godfrey, and the amount paid in cash upon such sale, and subsequently realized on the subsequent sale, was sufficient to pay all of the other payments directed to be made by the said decree, so that the holders of the bonds would be entitled to the whole of the amount due from Godfrey as the balance of the $20,000 bid by him. The plaintiff demands judgment against the de-

fendants on his own behalf, and on behalf of all the bondholders of said corporation, for the balance due by Godfrey, after deducting the $2,000 paid in cash at the time of the sale and the amount realized from the subsequent sale of the property. The defendants, therefore, are sought to be charged as principals for whom the property was purchased. In determining whether there is any liability alleged against the defendants, the whole complaint must be considered, as well the allegations which tend to discharge the defendants as those which tend to charge them. Calve v. Davies, 73 N. Y. 211, 29 Am. Rep. 130.

The purchase by Godfrey was under the decree of the court of chancery, and was made to enforce the mortgage to secure the bonds now held by the plaintiff. The court had jurisdiction of the subject-matter, and by that decree the interest of the holders of the bonds in the mortgaged property was devested, such interest vesting in the purchaser, and the proceeds of the sale were to be distributed among the holders of the bonds. The only right that the holders of the bonds had to the proceeds realized on this sale was under that decree, and they must accept the provisions of the judgment, and adopt it as the basis of their right to any relief against the purchaser. The only allegations connecting these defendants with the transaction is that they directed Godfrey to purchase the property in their behalf as their agent; that such purchase was made by Godfrey pursuant to such instructions by said firm as principal; that during all the proceedings had in said action under the bid made by Godfrey, including the final decree confirming the sale, the said Godfrey was the agent of the said firm and acted on their behalf. Godfrey, however, was the purchaser, and under the decree he became the owner. It is not alleged that the defendants paid the consideration or ever became the owners of the property. No trust resulted in their favor, nor does it appear that the defendants would have been entitled to the property as against Godfrey. When, therefore, acting under the authority of the court of chancery of the state of Tennessee, the special commissioner assumed to hold Godfrey as the purchaser, and to collect the notes given by him as part of the purchase money of the property, without making a request or giving notice to these defendants or their predecessors as principals, it seems that he elected to hold Godfrey as the principal; and his action has concluded the holders of the bonds, for whose benefit these proceedings were instituted, from now taking the position that Godfrey never was the purchaser, never was liable for the purchase money, but acting only as agent, and that the defendants were liable. Bracken v. Trust Co., 167 N. Y. 510, 60 N. E. 772.

It is quite evident that Godfrey and the defendants cannot both be principals and both liable for this purchase money. The plaintiff, or those acting on his behalf, and whose acts he must adopt to obtain any interest in the proceeds of the sale, have elected to treat Godfrey as the principal, holding him liable therefor, and cannot now claim that Godfrey was an agent, and not liable, and that the defend-

ants were the principals, and liable. The case of Tuthill v. Wilson, 90 N. Y. 423, is in point. It is there said:

"The appellant's idea seems to be that Wilson's alleged contract of purchase somehow survived its subsequent fulfillment, and, having been made by agents acting for an undisclosed principal, the seller had a remedy against both,—could sue the agents as he did, and, failing to get satisfaction, have a remedy against the discovered principal. * * * If it were possible to say that a right of action for the unpaid purchase money of the land remained to Tuthill, against Horne and Mrs. Moffett as agents, who had become personally liable, and also against Wilson as the undisclosed principal, a fatal difficulty remains. The vendor could not enforce his claim against both the principal when discovered and the agents who contracted in his behalf. Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract, but that of the principal. * * * The plaintiff wholly ignored Wilson in pursuing his remedy, as he had a right to do. He treated the agents as principals, and they were such as to him and on the face of the papers. He cannot now have a remedy against Wilson."

It is not alleged that the relation of the defendants to the transaction was that of an undisclosed principal, or that at the time the special master sought to enforce the obligation against Godfrey the relation of the defendants to the transaction was unknown either to the plaintiff or those acting in his behalf. It is unnecessary, therefore, to determine the effect of the cases of Kayton v. Barnett, 116 N. Y. 625, 23 N. E. 24, and Brown v. Reiman, 48 App. Div. 296, 62 N. Y. Supp. 663, as they do not apply.

It follows, therefore, that no cause of action was alleged, and that the demurrer should have been sustained. The judgment must, therefore, be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below.

All concur, except LAUGHLIN, J., who dissents on grounds stated in opinion at special term.