Letitia then died intestate, without descendants, and thereafter Patrick also died intestate, without descendants, leaving his mother and his half-brother, William, alive. It was held that, as to the undivided one-half of the land which came to Patrick by descent from his father, William, the half-brother, was excluded from inheriting, because he was not of the blood of the father of Patrick, and that the mother took the inheritance in fee; that as to the other undivided one-half, which came to Patrick by descent from Letitia, subject to the life estate of the mother, William took the inheritance subject to such life estate, he having been born of the same mother, and thus being of the blood of Letitia. The court said that section 15 of the statute (1 Rev. St. p. 753) concerning descents, which provides that in case an inheritance came to an intestate by descent, devise, or gift of one of his ancestors, all those not of the blood of such ancestor shall be excluded from such inheritance, refers to the immediate ancestor from whom the intestate received the inheritance, not a remote ancestor who was the original source of title, and that the term "ancestor," when used with reference to the descent of real property, embraces collaterals as well as lineals through whom an inheritance is derived. Following this ruling, Charles Achille Ludwig, and not Agnes Ludwig, was the ancestor from whom Franklin B. Ludwig received one-twelfth of the estate, and this one-twelfth so received went to Achille Ludwig. In Valentine v. Wetherill, 31 Barb. 655, the court said, in interpreting the same statute, "The statute looks only at the last possession of the inheritance, and does not refer to the original source of title." To like effect are Hyatt v. Pugsley, 23 Barb. 300; Adams v. Anderson, 23 Misc. Rep. 705, 53 N. Y. Supp. 141; Emanuel v. Ennis, 48 N. Y. Super. Ct. 430.

Judgment accordingly.

---

(39 Misc. Rep. 420.)

### RANGER v. THALMANN et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. ACTION ON NOTE—UNDISCLOSED PRINCIPAL.

　　Plaintiff sued on behalf of certain bondholders under a railroad mortgage, alleging that on foreclosure and sale a third person bid in the property for a firm whose obligations were assumed by the defendants; that the master, under the terms of the sale, retained a lien on the property sold to secure the notes given in part payment of such property; that, they not being paid, the court ordered another sale; that the proceeds of such sale satisfied the payments ordered by the decree; that the firm for whom the property was originally bid in at mortgage sale thereafter took the property, paying all the expenses; and that the master, not knowing that the third person who bid in the property was the agent of such firm, sued him on the notes without result. *Held* to state a good cause of action as against the defendants as undisclosed principals.

2. ELECTION OF REMEDIES—ACTION AGAINST AGENT.

　　That the holder of notes sued the maker thereof at a time when it was not disclosed that he was the agent of a third party is not an election by the plaintiff to release the undisclosed principals, so as to render the judgment obtained against the agent a release of the principals.

Action by Solomon Ranger, suing on his own behalf and on behalf of other bondholders of the Tennessee Central Railroad Company

against Ernst Thalmann and Richard Limburger, to recover a balance remaining unpaid of a bid by one C. O. Godfrey, as agent of defendants, on a foreclosure sale. Demurrer to complaint overruled.

Arthur C. Palmer, for plaintiff.
Underwood, Van Vorst, Rosen & Hoyt, for defendants.

WRIGHT, J. The mortgage was made by the railroad company to secure an issue of $250,000 in bonds. On the sale by the master in chancery, Godfrey bid in the property for $20,000, and paid thereon $2,000 cash, and gave his individual notes for the balance. The master retained an express lien on the property to secure the payment of the notes. This sale was confirmed by the court. The notes not being paid, another sale was decreed, upon which $6,025 were realized, which sale was duly confirmed. The amount realized on these sales was sufficient for the payments directed by the decree, so that the bondholders are entitled to the surplus. An action was brought by the master against Godfrey upon his promissory notes; judgment was obtained for the balance due; execution issued, and was returned unsatisfied. When this case was before the appellate division on a demurrer to the original complaint (65 App. Div. 5, 72 N. Y. Supp. 451), Judge Ingraham, in his opinion, said:

"The only allegations connecting these defendants with the transaction is that they directed Godfrey to purchase the property in their behalf as their agent; that such purchase was made by Godfrey pursuant to such instructions; * * * that during all the proceedings had in said action under the bid made by Godfrey, including the final decree confirming the sale, the said Godfrey was the agent of said firm, and acted on their behalf. * * * It is not alleged that the defendants paid the consideration, or even became the owners of the property. No trust resulted in their favor, nor does it appear that the defendants would have been entitled to the property as against Godfrey. When, therefore, * * * the special commissioner assumed to hold Godfrey as the purchaser, and to collect the notes, * * * without making a request or giving notice to these defendants or their predecessors as principals, it seems that he elected to hold Godfrey as the principal. * * * It is not alleged that the relation of the defendant to the transaction was that of an undisclosed principal, or that at the time the special master sought to enforce the obligation against Godfrey the relation of the defendant to the transaction was unknown either to the plaintiff or those acting in his behalf."

For these objections the demurrer was sustained. But by the amended complaint the objections are cured by proper allegations. The amended complaint, in addition to the allegations of the original complaint, alleges, in effect, that Godfrey bid off the property pursuant to an agreement theretofore made with a firm whose obligations the defendants have assumed; that said firm furnished Godfrey with the cash payment of $2,000, and authorized the giving of said notes, and, after the sale was confirmed by the court, ratified the purchase, paid all expenses incident thereto, and accepted the property, and paid all expenses incurred in caring for the same after the purchase. Therefore, taking all the allegations together, the firm was the purchaser of the property by its agent, Godfrey, made the cash payment through him, and, the sale being confirmed by the court, became obligated to pay the balance of the bid as represented by the agent's promissory notes.

When, therefore, the agent took the title in his own name, a trust resulted to the firm, and it became the equitable owner.

The amended complaint also contains the allegation additional to those in the original, as follows: That the master in chancery, prior to the return of the executions against Godfrey, had no knowledge or information that said firm was his principal, or was interested in the purchase. The master in chancery, having no knowledge or information that the firm was Godfrey's principal, did not elect to hold the agent instead of the principal. Such an election requires, as the very term implies, knowledge or information of the existence of the relationship of principal and agent. In that way only is an opportunity afforded for an exercise of a preference. Kayton v. Barnett, 116 N. Y. 625, 23 N. E. 24; Remmel v. Townsend, 83 Hun, 353, 31 N. Y. Supp. 985; Brown v. Reiman, 48 App. Div. 295, 62 N. Y. Supp. 663; Iron Co. v. Day, 11 App. Div. 230, 42 N. Y. Supp. 971; Distilling Co. v. Devendorf, 72 Hun, 428, 25 N. Y. Supp. 200. The fact that the master in chancery obtained judgment against the agent on his promissory notes did not release the undisclosed principal from its original obligation. Id. The demurrer must, therefore, be overruled, with costs, with leave to the defendants to answer within 20 days after the service of the interlocutory judgment to be entered hereon.

Demurrer overruled, with costs, with leave to defendants to answer within 20 days after service of interlocutory judgment to be entered hereon.