## BROWN v. TAINTER et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—KNOWLEDGE OF OTHER PARTY.

Where defendant's son applied to plaintiff for a loan, which was refused unless defendant would sign the note, which she thereupon did, proof that the loan was in fact negotiated by the son for the benefit of defendant did not entitle plaintiff to hold her as an undisclosed principal.

O'Brien, P. J., and Houghton, J., dissenting.

Appeal from Special Term.

Action by Mary E. Brown against Charles Davies Tainter and another. From a judgment for plaintiff as against Helen Davies Lanpher, defendant, she appeals. Reversed and remanded.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

J. T. Davies, Jr., for appellant.
John Patterson, for respondent.

LAUGHLIN, J. The plaintiff sued upon two causes of action; the first to recover against the defendant Helen Davies Lanpher as an undisclosed principal in a transaction of a loan of money made by the plaintiff, through the agency of Charles Davies Tainter; the allegation of the complaint being that the defendant Lanpher, through her duly appointed agent, solicited from the plaintiff a loan; that such agent did not disclose that he was then and there acting as the agent of the defendant Lanpher, or that he solicited the loan as such agent, but that, on the contrary, he applied for the loan as though the same were for himself and upon his own credit, and that the plaintiff was not aware that he was acting as an agent for his undisclosed principal, and that the plaintiff believed that he solicited the loan for and on his own behalf. The second cause of action is upon a promissory note made by the defendant Charles Davies Tainter, and indorsed by the defendant Helen Davies Lanpher, and it is alleged that, as between Charles Davies Tainter and the defendant Lanpher, the note was entirely without consideration, and was made by the maker thereof solely for the purpose of giving credit to the defendant Lanpher, who received the full consideration for the making, indorsing, and delivery thereof, and that at the time the note was made and delivered the plaintiff had no knowledge that it was made without consideration as between the maker and indorser thereof, or that it was made solely for the purpose of giving credit to Helen Davies Lanpher, or that she received the full consideration for the making, indorsing, and delivery thereof. The case went to the jury on both causes of action, and a verdict was rendered in favor of the plaintiff, but thereafter the plaintiff elected to rely upon the first cause of action only, and the jury thereupon limited their verdict to one against the defendant Lanpher alone, and it was so recorded. From the judgment entered thereupon, and from an order denying a motion for a new trial, the defendant Lanpher appeals.

At the commencement of the trial a motion was made by the defend-

ant Lanpher to compel the plaintiff to elect between the causes of action. The motion was overruled, and an exception was taken, and it is now urged that the court erred in denying that motion. It is unnecessary to pass upon that question in the view we take of the case. It is apparent from the evidence that the note sued upon was given at the time and as part of the transaction out of which the first cause of action arose, and the facts connected with that transaction are the following: Charles Davies Tainter, a son of the defendant Lanpher, applied to Mrs. Brown, the plaintiff, for a loan of $1,000. He made the application on his own behalf, and the plaintiff declined to loan him the money on his own responsibility, but agreed to do so if his mother, the defendant Lanpher, would indorse his note for the amount of the loan. Thereupon, according to his testimony, he reported that to his mother, who agreed to and did indorse a note, being the same note referred to in the second cause of action set forth in the complaint, and, upon that note being delivered to the plaintiff, she loaned the sum of $1,000 to Charles Davies Tainter. In the negotiation which resulted in the loan of the money and the giving of the note Charles Davies Tainter made no reference to his desire to borrow the money on behalf of his mother, but he testified on the trial that he was authorized by his mother and on her behalf to apply to the plaintiff for a loan of money. Mrs. Lanpher contradicts that statement, but the jury have found the fact so to be. When the note matured it was not protested, and hence no notice of protest was given to Mrs. Lanpher, the indorser. The plaintiff recovered in the court below on the theory that Mrs. Lanpher was an undisclosed principal.

The rule respecting the liability of an undisclosed principal is very plain. Where there is in fact an agency, and that fact is concealed, the person dealing with the agent may, upon discovering the principal, proceed against the latter, and not against the agent (Kayton v. Barnett, 116 N. Y. 625, 23 N. E. 24; Brown v. Reiman, 48 App. Div. 295, 62 N. Y. Supp. 663); and the rule has been carried so far that, notwithstanding there is a written agreement by which the agent appears as a principal, the true relation may be established by parol evidence, and the real principal made liable (Coleman v. First Nat. Bank, 53 N. Y. 388); but all the cases in which the liability of an undisclosed principal has been enforced contain the feature that the person sought to be held liable was an unknown party to the transaction, whose relationship to it was not discovered or disclosed until after it was completed. In the case before us, Mrs. Lanpher was not an undisclosed principal. She was an open, declared, and active participant in the transaction. She came into it in the manner and form and relationship invited by the plaintiff herself. She became liable precisely as the plaintiff requested and required, and entered into direct contract relations with her. The plaintiff would not loan the money without Mrs. Lanpher becoming liable for it, and the loan was made directly upon the credit both of the son and the mother. None of the cases bearing upon the subject of an undisclosed principal has changed the relations established between parties by their direct personal contracts of such a character as to exclude the idea of agency. In the trans-

action with the plaintiff, Mrs. Lanpher acted for herself. The plaintiff was willing to loan the money only upon Mrs. Lanpher becoming liable to her for it. We think, therefore, the case does not present the feature of an undisclosed principal, and that the plaintiff was not entitled to recover against the appellant upon the first cause of action.

The judgment and order denying the motion for a new trial must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

PATTERSON and McLAUGHLIN, JJ., concur.

HOUGHTON, J. (dissenting). I do not think the plaintiff has lost her right to hold the defendant Lanpher as an unknown principal simply because she happened to name her as the party whom she wished to indorse the defendant Tainter's note. The defendant Lanpher by such indorsement, it is true, became identified with the transaction of the loan of the money, but only through her contingent liability as indorser. This indorsement did not disclose to the plaintiff that Lanpher was the principal, and that Tainter was a mere agent, concealing the name of his principal. If the defendant Lanpher was in fact the principal, and the money was borrowed for her as the jury has found, notwithstanding the giving of the note, the plaintiff has a right to recover from her on her direct liability for borrowed money, and should not be put to the hazard of collecting from her by reason of her contingent liability as indorser or surety. If the plaintiff cannot recover on the theory that the agent borrowed for an undisclosed principal, she cannot recover at all, because the note was not protested, and the defendant Lanpher refused to renew it. The fact that an undisclosed principal has something to do with the transaction short of making himself absolutely liable does not seem to me releases him from liability for the acts of his agent. It was not the fact that the plaintiff knew or suspected that the money was being borrowed for the mother that led her to ask for the mother's indorsement. The theory upon which one is precluded from asserting liability against an undisclosed principal who has participated in the transaction is that the undisclosed principal has made himself absolutely liable, as though his principalship had been disclosed. The liability of an indorser is contingent upon presentation of the note and notice of dishonor. In that sense it is contingent, and in that sense it is not as absolute as a direct liability for borrowed money. If the money was in fact borrowed for the mother through the agency of the son, her indorsement was not a fulfillment of her obligation to repay through the undisclosed agency.

The motions were finally properly disposed of, and I think the judgment should be affirmed, instead of reversed.

O'BRIEN, P. J., concurs.