## JONES v. GAY et al.

(Supreme Court, Equity Term, Erie County. October, 1912.)

USURY (§ 56*)—CONTRACT—ATTORNEY'S FEES.

Defendant G., being in financial straits, applied to his attorney to procure him a loan of $5,000 on an undivided interest in certain real property, which was already incumbered by a prior mortgage. The attorney advised him as to the difficulty of obtaining the loan, and that it would be necessary to pay a bonus of 10 per cent. The attorney applied to plaintiff, who was another client, who agreed to make the loan on certain conditions, which were complied with, gave the attorney a check for $5,000, and left the preparation of the necessary papers to him. These having been executed, the attorney distributed the proceeds of the loan for G., charging him $500 for his services in procuring it. Plaintiff received no bonus, and had no knowledge of the attorney's act in retaining a part of the proceeds as commissions, did not authorize it, and was no party to G.'s agreement therefor. Held, that the attorney represented plaintiff only in preparing the necessary papers to secure the loan, and was the attorney for G. in receiving and disbursing the proceeds, and that the loan was not usurious because of the charging of such attorney's fees or commissions.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 122–127; Dec. Dig. § 56.*]

Action by Frank R. Jones against Louis W. Gay and others. Decree for complainant.

*For other cases see same topic & §·NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George Clinton and George H. Wade, both of New York City, and Ulysses S. Thomas, of Buffalo, for plaintiff.

William H. Hamilton, of New York City, for defendants Gay.

WHEELER, J. The action is brought to foreclose a mortgage for $5,000. The principal defense is that of usury. The evidence shows that the defendant Louis W. Gay was in financial straits, and desired to borrow $5,000 on an undivided interest in certain real estate owned by him. His interest was already incumbered by prior mortgages.

Mr. Thomas, one of the defendants in this action, is an attorney and counselor at law, and for some time prior to the giving of the mortgage sought to be foreclosed had acted in various matters as the attorney and counsel for the defendants Louis W. Gay and wife. Mr. Thomas at the time of this transaction had legal matters in hand for Mr. Gay. Mr. Gay consulted Mr. Thomas, explained his financial needs, and asked him to procure for him a loan on the property in question. Mr. Thomas explained to him that it would be difficult to obtain a loan on the property, as Gay's interest was an undivided one, and already heavily incumbered. He further stated that to procure such a loan the borrower usually had to pay a bonus or shave of 10 per cent. He, however, undertook to obtain the loan, if possible.

Mr. Jones, the plaintiff in this action, had been a client of Mr. Thomas. He had loaned, through Mr. Thomas, money on bond and mortgage on other occasions, and Mr. Thomas had acted for him in closing the transactions. Mr. Thomas went to Mr. Jones and stated that Mr. Gay wished to borrow $5,000, told him about the security, and urged him to make the loan, and take the bond and mortgage. Thomas told Jones he would guarantee the loan, or bond and mortgage. After considering the matter, Jones informed Thomas he would make the loan on the conditions named, and provided Mrs. Gay would go upon the bond. He left it for Thomas to close the transaction. He sent or gave Thomas his check for $5,000, the amount of the loan. The bond and mortgage was drawn by Thomas, who requested the mortgagors to come to his office to execute the papers. This they did. The mortgage was properly recorded, and Thomas then proceeded to distribute and pay out the money in his hands. The defendant Gay admits Thomas had authority to receive the amount of the bond and mortgage for him, and make payments for him.

Thomas, on August 5, 1902, rendered Gay a statement of his account with Gay. In this statement he charged Gay with various payments and disbursements made for his benefit, amounting to $2,021.83. He charged him $100 for services other than the transaction in question. He credited Gay with $1,189.89, received for Gay's account in other ways, and also with the "proceeds of the Jones loan" $4,500. This left a balance of $3,568.06 still owing Gay, for which Thomas gave him his check.

It appears that on August 4th Thomas had given Gay a check for $500, for which he had omitted to charge Gay on his books, and this

item was accidentally omitted from the statement rendered. Upon its discovery, Thomas called Gay's attention to the omission and asked a repayment of the $500. Gay could not pay the money, but gave Thomas a note, which included the $500 and some other sums. This note was discounted by Thomas at the bank; but, by reason of his indorsement of the note, Thomas has been compelled to take up and pay the note in question, or a renewal of it, so that, as matter of fact, Mr. Thomas has never been paid the $500 commission for procuring and guaranteeing the mortgage, which he claims the right to charge against Mr. Gay.

The plaintiff, Mr. Jones, parted with the full amount of the bond and mortgage. He paid in full $5,000. He received nothing back. He had no knowledge, so far as disclosed, that Mr. Thomas intended to retain $500 for services or commissions. He authorized no such thing, and was party to no usurious agreement. The plaintiff acted in absolute good faith.

The contention on the part of the defendants Gay, however, is that Thomas was the attorney and agent for Jones, and that Jones became and is legally responsible for Thomas' acts in attempting to withhold $500 from the amount advanced with the assent and agreement of Gay, and that this constituted usury, and avoids the bond and mortgage sought to be foreclosed. We are of the opinion, however, that Mr. Thomas was not, to that extent, the attorney and agent of the lender. He was his attorney in so far as to seeing that the title was satisfactory, that the papers were properly drawn, executed, and recorded, and the necessary legal steps taken to secure the loan to be made.

The evidence also shows that Thomas also acted for the Gays; that Gay authorized him to secure the $5,000 for him, and from it to make certain payments to third parties, to whom Gay was indebted. Thomas received the $5,000 check, and disbursed it for the defendant Gay. It is manifest that his relationship in doing this was as attorney and agent for Gay, and not for Jones. If Thomas had failed to account in full for the money so received, Gay would have had an action against Thomas, not against Jones; for Jones had done all he agreed to do, and legally paid the full amount of the loan. Assuming Thomas retained from the $5,000, without authority, $500, that is clearly a matter between him and Gay, and not one between Gay and Jones. He was not acting in this matter for Jones, but for Gay. Jones neither authorized nor sanctioned the retention of this $500.

The case of Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379, is quite analogous to that in hand, although the facts in that case were more favorable for sustaining a charge of usury than in the case now before us for disposition. In that case the plaintiff's brother, as a condition of a loan of $1,000, exacted $50, no part of which the lender received. It was conceded, in making the loan, he acted as agent for the lender. There was no proof that she authorized him to take or exact more than the legal rate of interest, and it was undisputed that he took and exacted it for himself, and had the sole

benefit of it. It was held that it was not sufficient for the defendants merely to show that the plaintiff's agent took and exacted the $50 as a condition of the loan, but it was incumbent upon them to show that he took the $50 with the knowledge and assent of the plaintiff, so that she, at least by acquiescence, became a party to the usurious exaction, and that the plaintiff was entitled to recover as no usurious agreement was established—citing Condit v. Baldwin, 21 N. Y. 219, 78 Am. Dec. 137; Estervez v. Purdy, 66 N. Y. 446; Van Wyck v. Watters, 81 N. Y. 352; Philips v. Mackellar, 92 N. Y. 34. The court said:

"It is not sufficient in this case for the defendants to show that the plaintiff knew of the usurious exaction after she had made the loan and the note had been given. She must have known of it at the time. Nor is it sufficient to show that she supposed that her agent was to receive some compensation for services which he rendered to the defendant." 109 N. Y. 478, 17 N. E. 380.

We deem this case decisive of that now under consideration.

The case of Bliven v. Lydecker, 130 N. Y. 102, 28 N. E. 625, cited by the defendants' counsel, is not, in our opinion, in point. In that case the lender loaned a given sum through an agent. The agent exacted an additional sum as a bonus, and drew the mortgage for an amount which included, not only the amount loaned, but the bonus agreed to be paid. The court simply held that, as the lender received an obligation for a larger amount than the sum loaned, it was a ratification by him of the act of his agent, and rendered the transaction usurious. In this case, however, the bond and mortgage are for the exact amount loaned, and there is an entire absence of any knowledge or ratification by the plaintiff of the act of Thomas in retaining the $500 in question.

It only remains to consider another defense raised by Mrs. Gay, wife of the defendant Gay, as to her personal liability on the bond. Mr. Jones, the plaintiff, communicated to Mr. Thomas the conditions on which he would make the loan. Thomas, in making the application, acted for the Gays, not Jones. Thomas informed Mr. Gay of the conditions imposed, and the bond and mortgage were drawn accordingly. Thomas was quite as much attorney and counsel for the Gays as for the plaintiff, and we can discover no reason for relieving her from the liability imposed by the bond.

The defenses interposed are overruled, and judgment of foreclosure and sale directed in favor of the plaintiff. Let findings be drawn accordingly.