(85 Misc. Rep. 20)

### HASS et al. v. KORNBLUTH.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

PRINCIPAL AND AGENT (§ 190*)—UNDISCLOSED PRINCIPAL.

Plaintiffs sued defendant for breach of a written contract to execute a lease for three years. All the negotiations were had with defendant, who represented that he was agent for his son, who was the owner of the premises, on which representations plaintiffs accepted a contract for a lease signed by the son. Thereafter the premises were sold, and the son refused to execute a lease, and, after plaintiffs had recovered judgment against him, defendant stated to plaintiffs' attorney that the property was his, that defendant received the money for it, and that defendant's representation that the son owned the houses was false. *Held*, that defendant's admission was sufficient to show that the agreement signed by the son was for defendant's benefit, and that the son was authorized to execute the contract for defendant, who was the undisclosed principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 718–720; Dec. Dig. § 190.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Hass and another against Abraham Kornbluth. From a City Court judgment dismissing the complaint at the close of plaintiffs' case, and from an order denying their motion for reargument, they appeal. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

---

Pantell & Glickstein, of New York City (Henry Kuntz and Abraham P. Wilkes, both of New York City, of counsel), for appellants.

I. B. Ripin, of New York City (Nathan D. Stern, of New York City, of counsel), for respondent.

LEHMAN, J.  The plaintiffs sue the defendant for breach of a written contract to execute and deliver a lease for three years.  It appears that all the negotiations for the lease were had with this defendant, who represented that he was the agent for David Kornbluth, his son, and that David Kornbluth was the owner of the premises.  Upon these representations the plaintiffs accepted a written contract for a lease signed by the son.  Thereafter the premises were sold to a third party, and, though the plaintiffs offered and were ready, able, and willing to perform the agreement, David Kornbluth refused to execute a lease.  The plaintiffs then sued David Kornbluth for breach of contract, recovered a judgment against him, and brought supplementary proceedings in aid of execution.

The plaintiffs' attorney testified that he served the defendant with a subpœna in these proceedings, and that he then had the following conversation with the defendant:

"He said: 'Let me give you some particular advice; don't waste any more time with David Kornbluth; he is a sick boy; he never worked in his life; he never made any money; the houses you sued on weren't his; they were my houses; and those were sold by me and I got the money from them.  If you want to know how much I got for those houses, I will tell you.'  How much did you get?  He said: 'I got $14,000; my lawyer gave it to me by check.'  I said: 'I always thought that David Kornbluth was the owner.'  He said: 'No, that is where I fooled you.'"

It further appears that, on the witness stand in the supplementary proceedings, the defendant testified that he owned the houses, although the record title was placed in his son's name, to avoid the merger of a mortgage which this defendant held, in the fee.  He collected and retained the rents; he collected and retained the consideration for the sale; this agreement for a lease was made for his benefit; and he received the deposit given at the time the agreement was made.  At the close of the plaintiffs' case, the trial justice dismissed the complaint on the ground that it was not shown that the defendant was his son's undisclosed principal in the making of the agreement sued upon.

The defendant's admissions sufficiently establish that the agreement was signed by the son for the benefit of the defendant; that the defendant obtained the benefit of the agreement; that the son had authority from the father to sign the agreement for the defendant; and that the plaintiffs were ignorant of the fact that the agreement in form made by the son was made solely for the defendant's benefit.  Under all the authorities, this evidence establishes completely the fact that the defendant was the undisclosed principal in the making of the contract.

It is sought, however, to distinguish this case on the ground that the evidence shows that the defendant in the negotiations stated that he was acting as agent for his son, and in a sense was in fact acting as such agent in delivering the contract, signed by the son, and that therefore he could not have been the son's undisclosed principal.  The re-

spondent relies for authority upon the case of Brown v. Tainter, 114 App. Div. 446, 99 N. Y. Supp. 1030, in which the Appellate Division of this department held by a divided court that, where an agent of an undisclosed principal borrows money upon a note indorsed by the principal, no recovery can be had against the principal except upon the indorsement. In that case, however, the principal had become a guarantor at the request of the plaintiff, and the court decided only that since the person who had the benefit of the contract had assumed at the plaintiff's request an obligation as guarantor, not consistent with the obligation of a principal, to impose upon him such an obligation would be in contravention, and not in enforcement, of the contract as made. In other words, the court seems to have decided that while the law permits the obligee to enforce a contract against an undisclosed principal on the theory that the contract is actually the contract of the person for whose benefit, and by whose authority, it is made, although he has concealed his interest, yet where the principal is actually a party to the contract, with obligations inconsistent with the obligations of a principal, then this theory has no application, for one person cannot be a party to a contract in two inconsistent capacities. In this case, however, the defendant is not a party to the contract, unless he is held to be the actual principal. While, in a sense, he was the agent of the son, he did not thereby personally assume any liability or obligation under the contract. The contract itself still remained in form the son's contract, and the representations and acts of the defendant were mere instrumentalities in concealing from the plaintiffs the fact that the son's obligations were in fact his own obligations. Obviously these acts and representations show only that the plaintiffs were willfully deceived by the defendant, and add, rather than detract from, the force of the plaintiffs' case.

Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.