KEYES v. LESTERSHIRE HEIGHTS REALTY CO. et al.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

Costs ⬿152—Amount—Order on Demurrer.

Where a demurrer is brought on and tried as a contested motion, as authorized by Code Civ. Proc. § 976, and appeal is taken to Appellate Division, the prevailing party is not entitled to the costs as on a hearing under the original provisions of the Code, which require the issue to be noticed for trial at Special Term, put on the calendar, and reached in regular order, but to $10 costs at Special Term, $10 on appeal, and disbursements.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 591; Dec. Dig. ⬿ 152.]

Appeal from Special Term, Broome County.

Action by Cora W. Keyes against the Lestershire Heights Realty Company and another. From an order denying a motion for retaxation of costs, plaintiff appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Augustus Babcock, of Binghamton, for appellant.

Jenkins, Deyo & Hitchcock, of Binghamton (Fredric W. Jenkins, of Binghamton, of counsel), for respondents.

HOWARD, J. A demurrer may be brought on for hearing in three ways—under the original provisions of the Code, which require that the issue be noticed for trial at Special Term, put on the calendar, and reached in regular order; under section 547 of the Code, which authorizes a motion for judgment upon the pleadings; under section 976 of the Code, which provides that the demurrer may be brought on and tried as a contested motion.

In the case before us the plaintiff chose the latter method; that is to say, he noticed the issue as a contested motion and it was disposed of by an order, the demurrer being overruled. The defendants appealed to the Appellate Division from this order, and the order of the Special Term was affirmed. The plaintiff contends that costs should be taxed in his favor as though he had pursued the old complicated process of bringing the demurrer on for argument, instead of the simplest and latest process, as provided in section 976. On a motion for a retaxation of costs the Special Term has held against him on this contention, and he appeals to this court.

The Special Term was unquestionably right. The whole trend of modern thought and legislation is to simplify the practice of the law. The original method provided in the Code for bringing on a demurrer for trial was cumbersome, expensive, and dilatory. It has become

antiquated, and will very soon be abandoned altogether. As Judge Miller, sitting in the First Department, said, in comparing the old method of bringing on a demurrer with the practice under section 547 of the Code, in National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846:

"Naturally most practitioners chose the simpler, quicker, and less expensive method."

And naturally now they choose, as the plaintiff did here, the simplest and least expensive method. It was to avoid red tape, roundabout routes, and useless expense that the Legislature provided (first in 1908 and then in 1909) these two simple, expeditious, and inexpensive methods of bringing a demurrer before the court for trial and determination. We would be blocking the wheels of progress and traveling backwards were we to cumber this direct road to justice by requiring litigants to pay the same tolls as are exacted from those who travel the ancient road. We are not disposed to do this.

This demurrer was brought on as a contested motion; that is, became a contested motion. The plaintiff's attorney stood up at the Special Term among other attorneys who were arguing contested motions and presented his matter in the same way that they did their matters. The motion was disposed of by an order. An appeal to the Appellate Division was taken from this order, and was affirmed by this court. It follows that the plaintiff was entitled to $10 costs of motion at the Special Term, and $10 on an affirmance of the order in the Appellate Division, but to no other costs. He is, of course, entitled to his disbursements.

Therefore the order appealed from should be affirmed, with costs. All concur.