DAVID KAHN, Appellant, *v.* ANNA M. JOHNSTON, Respondent.

Third Department, March 22, 1917.

Sale — action for merchandise sold and delivered — prior judgment against defendant's husband not a bar — appeal — review of order overruling or sustaining demurrer.

A former judgment can be pleaded as a bar only by those who were parties to the action in which it was rendered or who are in privity with such parties.

Hence, in an action for merchandise sold and delivered by the plaintiff to the defendant, an allegation in the answer as a defense that the plaintiff has recovered a judgment against the defendant's husband for the purchase price of the same merchandise, is insufficient in law and a demurrer thereto should be sustained, because there is no legal privity between the defendant and her husband as to the cause of action alleged in the complaint.

Since the enactment of section 547 and the amendment of section 976 of the Code of Civil Procedure, an order overruling or sustaining a demurrer is appealable, and prior cases to the contrary are obsolete.

The determination of the court upon a demurrer is appealable whether characterized as an order or an interlocutory judgment.

APPEAL by the plaintiff, David Kahn, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Warren on the 1st day of December, 1916, overruling a demurrer to a defense contained in the answer.

*Tibbitts Walker,* for the appellant.

*Charles P. Coyle,* for the respondent.

COCHRANE, J.:

The complaint alleges a cause of action for merchandise sold and delivered by the plaintiff to the defendant. The answer contains a general denial and further alleges as a defense that

the plaintiff has recovered a judgment against the defendant's husband for the purchase price of the same merchandise for which this action is brought. To this latter defense the plaintiff demurred for insufficiency, which demurrer has been overruled.

The defense in question is insufficient in law on the face thereof. The rule on this question is stated in 23 Cyc. 1111, as follows: "To make a former judgment a bar to the maintenance of a present suit, it must have been rendered in an action between the same parties, or between those in privity with them." And again at page 1206 it is stated: "A former judgment can be pleaded as a bar only by those who were parties to the action in which it was rendered, or who are in privity with such parties. * *. * Strangers to a record, neither parties thereto nor in privity with the parties, are not estopped by the judgment, nor can they take advantage of it as a bar; and it is immaterial that they may claim under the same common source of title, if there is no privity in estate. On the same principle a defendant cannot plead in bar of the action against him the fact that plaintiff has already recovered a judgment on the same cause of action against a stranger, not in privity with such defendant nor jointly bound with him, even though such recovery was wrong in law, the stranger not being legally liable, and may result in giving plaintiff a double satisfaction." This statement of the rule is in conformity with the decisions in this State. (*Atlantic Dock Co.* v. *Mayor, etc.*, 53 N. Y. 64; *Reynolds* v. *Ætna Life Ins. Co.*, 160 id. 635; *Brown* v. *Reiman*, 48 App. Div. 295.) There is no legal privity between the defendant and her husband as to the cause of action alleged in the complaint and the defense attacked by this demurrer contains no allegation making the judgment against her husband a bar to this action. The demurrer, therefore, should have been sustained.

It is contended that an order overruling or sustaining a demurrer is not appealable. Such appears formerly to have been the rule, but the decisions to that effect have become obsolete by the enactment of section 547 and the amendment to section 976 of Code of Civil Procedure. (*National Park Bank* v. *Billings*, 144 App. Div. 536; affd., on opinion below, 203 N. Y. 556; *Keyes* v. *Lestershire Heights Realty Co.*,

173 App. Div. 336.) The record before us does not disclose whether the issue raised by this demurrer was brought before the court by motion under section 976 of the Code of Civil Procedure or by a notice of trial according to the old practice. Both parties treat the determination made as an order and not as an interlocutory judgment, and this would indicate a motion under section 976 according to the new practice. But the distinction is immaterial since the legislation above mentioned. Whether the determination be called an order or an interlocutory judgment its effect is the same, and under the present practice such determination is appealable whether characterized as an order or an interlocutory judgment. (*National Park Bank* v. *Billings, supra.*)

The order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, with leave to the defendant to amend her answer within twenty days on payment of such costs.

All concurred, except Lyon, J., not voting.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to the defendant to amend the answer within twenty days on payment of such costs.